# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-311V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| SOPHIANNE AND TIMOTHY | \* | |
| TAGUACTA, as the legal | \* | |
| representatives of their minor son, B.T., | \* | |
| | \* | |
| Petitioners, | \* | |
| | \* | Chief Special Master Corcoran |
| v. | \* | |
| | \* | Filed:  April 16, 2026 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Curtis R. Webb,* Monmouth, OR*,* for Petitioners.

*Irene A. Firippis,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

Petitioners allege a claim under the National Vaccine Injury Compensation Program[2] (the "Vaccine Program") that their minor son, B.T., experienced a Table encephalitis after receipt of a measles-mumps-rubella ("MMR") vaccine on April 8, 2019. Petition, filed March 22, 2022 (ECF No. 1). Respondent's Rule 4(c) Report, however, argued for the claim's dismissal, contending that certain Table elements could not be satisfied. Rule 4(c) Report, filed June 26, 2024 (ECF No. 25).

After considering Respondent's objections, I ordered the parties to brief the questions raised by the Rule 4(c) Report, and they completed that process last year. Order, dated July 18,

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2024 (ECF No. 26); Petitioner's Memorandum, dated February 18, 2025 (ECF No. 29); Respondent's Response, dated April 21, 2025 (ECF No. 32).

Based on review of those filings and the filed medical records, I determined that a Table encephalitis claim could not be maintained, and therefore dismissed it. Findings of Fact and Conclusion of Law, dated Nov. 20, 2025 (ECF No. 37) (the "Ruling"). I allowed, however, for the possibility that a causation-in-fact claim might be tenable, although I expressed some skepticism about what the claim would look like. I therefore ordered the Petitioners to show cause as to why a causation-in-fact claim in this matter should not also be dismissed, or in the alternative for them to set forth a cognizable non-Table claim. Ruling at 16.

Petitioners have now filed their response to my Order to Show Cause. Response, dated Apr. 13, 2026 (ECF No. 40). In it, they represent that they are unable to show by a preponderance of the evidence that the MMR vaccination caused B.T. to suffer his current injury, and thus cannot show cause as to why a causation in fact claim should not be dismissed. Response at 1.

Under Vaccine Rule 21(c), a special master may dismiss a petition for failure of the petitioner to prosecute or comply with any order of the special master. A dismissal under this subdivision is with prejudice and will result in a judgment pursuant to Rule 11 for purposes of 42 U.S.C. § 300aa-21(a). In this case, Petitioners have acknowledged that they cannot advance a colorable causation-in-fact claim.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Therefore, Petitioners' claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** the Petition. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

  **IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.